VIRGINIA
IN THE FEDERAL DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA
(Charlottesville Division)

**STUART FITZGERALD**
**1321 Wilson Road**
**Waldorf, Maryland 20602**

Case No. 3:17CV00049

    **Plaintiff**

**v.**

**CARL STORY**
**6106 Bills Road**
**Mineral Springs, VA 23117**

    **Defendant**

_____/

## COMPLAINT

Plaintiff Stuart Fitzgerald, by and through counsel, files this Complaint against Defendant Officer Carl Story for injuries both physical and mental that he suffered at the hands of Officer Story and states as follows:

### JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 AND 1334(A)(3)-(4) and 42 U.S.C. § 1983. The amount in controversy exceeds $75,000.00. Venue is proper because the actions complained of occurred in Virginia, and the defendant is a resident of Virginia.

### INTRODUCTION

This action seeks compensatory and punitive damages against Defendant Story for actions that violated Plaintiff Fitzgerald's constitutional rights under the Fourth Amendment to be free of unreasonable search and seizure, and also violated Plaintiff Fitzgerald's rights under

1

state law.  As a result, Plaintiff Fitzgerald suffered severe and permanent injury and suffers from physical and psychological pain.

## PARTIES

1. At all relevant times herein, Plaintiff Stuart Fitzgerald was a resident of the State of Maryland.

2. At all times relevant herein, Defendant Carl Story was a member of the Orange County Sheriff's Department and was acting within the scope of his employment under color of state law.

## FACTS

3. In the early hours of May 26, 2014, Orange county police office Carl Story, initiated a motor vehicle stop while on patrol.

4. The alleged purpose of the stop was failure to dim headlights.

5. Mr. Fitzgerald stopped at the direction of Officer Story and pulled over to the right of highway.

6. Officer Story then exited his vehicle and approached Mr. Fitzgerald's vehicle.

7. Officer Story learned that Mr. Fitzgerald's license was suspended and refused to look at a letter from DMV giving him permission to drive while license problems were being worked out.

8. Officer Story then opened Mr. Fitzgerald's drivers' side door, grabbed Mr. Fitzgerald, and pulled him out of the car.

9. Mr. Fitzgerald peacefully and voluntarily exited the vehicle and stood upright with Officer Story's hand on Mr. Fitzgerald's upper left arm.

10. Officer Story, then accompanied by a second officer handcuffed Mr. Fitzgerald as Mr. Fitzgerald stood against his car.

11. Notwithstanding the fact that Mr. Fitzgerald was not resisting being handcuffed and was actually handcuffed, Officer Story banged Mr. Fitzgerald's head against the hood of his cruiser, wrapped his arm around Mr. Fitzgerald, placing him in a choke-hold, and whipped his body to the cement pavement face-first.

12. With plaintiff Fitzgerald on the ground and Officer Story on top of him, knee-in-back, yelled into a police radio, "stop resisting."

13. Plaintiff Fitzgerald was then transported to Culpeper Regional Hospital

14. At Culpeper Regional Hospital, plaintiff Fitzgerald was treated for facial abrasions and injuries, right-sided neck pain, knee pain, shoulder pain, and back pain.

15. Plaintiff Fitzgerald was charged with assault and battery on a law enforcement officer, destruction of property, obstruction of justice, and driving with no operator's license.

16. A warrant of arrest was issued for plaintiff Fitzgerald's felony arrest at 05:53 AM on May 26, 2014; two misdemeanor warrants were issued at 05:55AM; and one (1) summons was issued at 05:58AM.

17. All five charges listen in paragraph 15 were dismissed on July 31, 2015 by a Motion for entry of a Nolle Prosequi signed by the Deputy Commonwealth Attorney in Orange, Virginia.

18. Plaintiff Fitzgerald was held for thirty (30) days before he was given a bond hearing.

19. As a result of Story's cruel and unwarranted actions in placing plaintiff Fitzgerald in a chock-hold and subsequently throwing his body to the cement pavement, Fitzgerald suffered

facial abrasions, right-sided neck pain, knee pain, shoulder pain, back pain, a chipped front tooth and severe emotional distress including depression, post- traumatic stress disorder, sleeplessness, and a deep sense of shame of being unable to support his family because of loss his job resulting from his arrest.

20. Story's intentional actions resulting in excessive force and injury to plaintiff Fitzgerald are objectively unreasonable and constituted cruel and indifferent behavior toward Fitzgerald, and was shocking to the conscience, and done with intent to injure.

21. Story knew or should have known that his conduct was clearly in violation of established law regarding the unnecessary use of force against unarmed and non-resistant arrestees and in violation of his own department's procedures regarding the force continuum appropriate for the apprehension of unresisting and unarmed arrestees who are on the ground and arrested for minor offenses such as failure to dim headlights.

## COUNT I
### (Violation of the Fourth Amendment-42 U.S.C. 1983)

22. The allegations set forth in paragraphs 1-21 of the Complaint are re-alleged and incorporated by reference herein.

23. The cruel and wanton attack on Fitzgerald by Story was a violation of Fitzgerald's Fourth Amendment right to be free of illegal and unreasonable seizure, and was done with reckless disregard for the law and Mr. Fitgerald's safety, and was shocking to the conscience. As such, Story is liable to Plaintiff Fitzgerald for compensatory damages in the amount of $2,200.000 and punitive damages in the amount of $2,000,000.00.

## COUNT II
**(Malicious Prosecution)**

24.     The allegations contained in paragraphs 1-23 of the Complaint are re-alleged and incorporated by reference herein.

25.     Defendant Story placed serious criminal charges against Plaintiff knowing them all to be false and knowing that Fitzgerald would be deprived of his freedom for an undetermined period of time.

26.     Story's actions in placing false charges against Fitzgerald was shocking to the conscience and outrageous and he is therefore liable to Fitzgerald for compensatory damages in the amount of $2.200,000 and punitive damages in the amount of $2,200,000.

WHEREFORE:  Plaintiff seeks compensatory damages in the amount of $2,200,000 and such punitive damages in the amount of $2,200,000.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues set forth in the Complaint.

Stuart Fitzgerald

By:

_____
Donald F. Rosendorf
VSB 17683
1513 King Street
Alexandria, VA 22314
703-838-7770 (ph)
703-548-9756 (fax)
drosendor@aol.com
*Counsel for Plaintiff*

6