CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
8/10/2018
JULIA C. DUDLEY, CLERK
BY: s/ SUSAN MOODY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| STUART FITZGERALD, | ) |
| Plaintiff, | ) Civil Action No. 3:17CV00049 |
| v. | ) **MEMORANDUM OPINION** |
| CARL STORY, | ) By: Hon. Glen E. Conrad |
| | ) Senior United States District Judge |
| Defendant. | ) |

This case is presently before the court on the plaintiff's motion for default judgment. Because there is insufficient evidence to establish that the defendant was properly served with process, the plaintiff's motion will be denied.

## Background

Plaintiff Stuart Fitzgerald, a Maryland resident, filed the instant action against Carl Story on July 21, 2017. The complaint identifies Story as a resident of 6106 Bills Road in "Mineral Springs, Virginia 23117."[1] Compl. 1, Docket No. 1. Fitzgerald claims that Story, while working on behalf of the Sheriff of Orange County, Virginia, unreasonably seized and maliciously prosecuted him, in violation of the Fourth Amendment and Virginia law.

On October 23, 2017, Fitzgerald was given fifteen days to advise the Clerk as to whether service had been accomplished on the defendant. On November 6, 2017, Fitzgerald filed a proof of service form executed by Freddie Artis. The form indicates that a summons for Story was "served by posting on [the] front door of defendant's residence." Proof of Service, Docket No. 7. The form contains no additional information regarding any efforts taken to locate and serve Story.

---

[1] The court notes that 23117 is the zip code for Mineral, Virginia, rather than Mineral Springs.

After more than five months passed and nothing further was filed by either side, the court entered an order directing Fitzgerald to show cause why the case should not be dismissed for failure to prosecute. In response, Fitzgerald requested a two-week extension of time in which to determine whether to file a motion for default judgment or request voluntary dismissal. On May 10, 2018, the court granted the request for extension of time and gave Fitzgerald fourteen days to proceed with the two-step default judgment process outlined in Federal Rule of Civil Procedure 55 or request voluntary dismissal.

On May 25, 2018, at Fitzgerald's request, the Clerk filed an entry of default against Story, pursuant to Rule 55(a). Two months later, in response to a second show cause order, Fitzgerald requested permission to have until August 6, 2018 to file a motion for default judgment. In support of his request, Fitzgerald indicated that he had been advised by the Orange County Attorney that Story was "not a county employee" at the time of the underlying incident, and that the attorney "believed that Story had moved away."[2] Pl.'s Resp. 1, Docket No. 15. Fitzgerald also informed the court that "Story was served by posting at his last known address according to the skip tracer hired . . . to find him," and that Fitzgerald would "seek an affidavit from the skip tracer." Id. at 2.

On August 6, 2018, Fitzgerald filed a motion for default judgment, along with an affidavit from Scott Kucik. The affidavit indicates that Kucik was tasked with finding a "viable address at which to serve process on the defendant." Kucik Aff. 1, Docket No. 16-2. Kucik ultimately found several addresses associated with Story, including "400 Kintyre Lane, Stephens City, Va 22655," which was reported as Story's address from April 2010 to February 2017, and "6106 Bills

---

[2] "In Virginia, a sheriff is an independent constitutional officer whose duties and authority are defined by statute." Jenkins v. Weatherholtz, 909 F.2d 105, 107 (4th Cir. 1990) (citing Va. Const. art. VII, § 4). State law makes clear that deputies, who serve at the discretion of their sheriffs, are "not employees of the local governing body." Id.

2

Road, Mineral, Va 23117," which was reported as Story's address from January of 2014 to December of 2016. The affidavit states that the address in Mineral was listed as the address of record for Story in two civil actions filed against him in the General District Court for the City of Richmond in 2016 and in a criminal case disposed of in March of 2016. The affidavit also indicates that Kucik "interviewed the probation office in the jurisdiction of [the criminal case] and they decline[d] to provide [him] information" regarding Story's address. Id.

## Discussion

Rule 55 of the Federal Rules of Civil Procedure authorizes a court to enter default judgment against a defendant who fails to plead or otherwise defend against the allegations in the plaintiff's complaint. "In the absence of service of process (or waiver of service by the defendant)," however, "a court ordinarily may not exercise power over a party the complaint names as defendant." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). "That means that a court cannot enter a judgment, default or otherwise, against a defendant that has not either waived service of process or been properly served." Golson v. Pineda, 693 F. App'x 850, 850 (11th Cir. 2017); see also Md. State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a . . . default judgment may be entered against a defendant.").

Rule 4(e) of the Federal Rules of Civil Procedure governs service upon an individual within a judicial district of the United States. The rule provides that service may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under Virginia law, service upon a natural person may be accomplished by

3

"delivering a copy thereof to the party in person," or by "substituted service in the following manner":

> a. If the party to be served is not found at his usual place of abode, by delivering a copy of such process and giving information of its purport to any person found there, who is a member of his family, other than a temporary sojourner or guest, and who is of the age of 16 years or older; or
>
> b. If such service cannot be effected under subdivision 2 a, then by posting a copy of such process at the front door or at such other door as appears to be the main entrance of such place of abode, provided that not less than 10 days before judgment by default may be entered, the party causing service or his attorney or agent mails to the party served a copy of such process and thereafter files in the office of the clerk of the court a certificate of such mailing . . . .

Va. Code § 8.01-296. If personal or substituted service cannot be effected, Virginia law provides for service by publication. Id.; see also Va. Code § 8.01-316.

In this case, Fitzgerald maintains that he effected substituted service by posting copies of the summons and complaint on the front door of Story's "last known address" at 6106 Bills Road in Mineral, Virginia. See Pl.'s Resp. 2, Docket No. 15; Pl.'s Mot. for Default J. 1, Docket No. 16. As indicated above, however, § 8.01-296 requires that the posting occur at a defendant's "usual place of abode." Va. Code. § 8.01-296. Although this phrase is not defined in the statute, Virginia courts have held that it means "'the usual place where the defendant or his family resided at the time the notice was posted.'" Drewry v. Nottingham, 64 Va. Cir. 269, 271 (Va. Cir. 2004) (quoting Dispanet v. Dispanet, 54 Va. Cir. 451, 453 (Va. Cir. 2001)). Thus, an individual's usual place of abode "differs from [his] 'last known address.'" Id. at 270. "If a person has abandoned a residence as his place of abode, but that residence is still his last known address, it is not the appropriate place for service of process and such service is null and void." Id. (citations and internal quotation marks omitted); see also 1 Moore's Federal Practice, § 4.92[1] (Matthew Bender

4

3d ed.) ("Although Rule 4 does not define 'dwelling' or 'usual place of abode,' both terms are generally understood to mean the defendant's residence. Service at a former residence is inadequate, even if defendant receives actual notice of service.").

Fitzgerald has not presented any evidence indicating that Story was still residing at 6106 Bills Road in Mineral, Virginia in November of 2017, when service was attempted. Instead, Fitzgerald's recent filings indicate that the Bills Road address was last reported nearly a year earlier in December of 2016, and that Story may have moved in the interim. On this record, the court is unable to conclude that Story was properly served with process under state or federal law. Consequently, the motion for default judgment must be denied.

## Conclusion

For the reasons stated, the court will deny without prejudice the plaintiff's motion for default judgment. The plaintiff will be given fourteen days to either provide proof of proper service or show cause why the action should not be dismissed for failure to serve process within the requisite time period. See Fed. R. Civ. P. 4(m).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 10th day of August, 2018.

_____
Senior United States District Judge